CIRILLO MACARONE, PROSECUTOR, v. BOARD OF AD-
JUSTMENT OF TEANECK.

Argued January 20, 1931—Decided February 10, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *James F. X. O'Brien.*

For the board, *Frank A. Morrison.*

For the applicant Duffy, *George F. Losche.*

PER CURIAM.

Assuming, without conceding, that the applicant Duffy
has a status to intervene, the application, on the very eve
of a final judgment, comes too late.

On May 31st, 1930, prosecutor applied for a permit to
build, which was granted on the following day. Duffy, a
neighbor, appealed on April 12th; the appeal was heard on
the 28th and the board revoked the permit June 2d. On June
28th Mr. Justice Parker granted a rule to show cause why *cer-
tiorari* should not be allowed, which was not prosecuted during
the summer and was discharged for lack of prosecution on
September 9th, and application to reinstate was denied Octo-
ber 14th. During all this time Duffy, while not a party, had
his counsel, and was actively opposing any steps looking to-
ward a reinstatement of the rule. On November 12th this
court allowed a writ of *certiorari,* reasons appear to have been
filed, depositions taken, and the matter seems to have been

noticed for hearing before a single justice. At this juncture, according to the recitals of the rule presented to us for signature and consented to in writing, the board abandoned its defense and consented to entry of judgment setting aside its revocation; and on the presentation of that rule for signature, the application to intervene is made.

It is inconceivable that in view of Duffy's active resistance from the outset, he could have been unaware of the allowance of the writ. Indeed, he does not even suggest that he was not fully posted on every step in the cause. All that he submits is a copy of the local proceedings, the application, permit, and appeal. From the allowance of the writ the cause has been permitted by applicant to take its course as between the parties of record. Now that it has reached its culmination, it is too late for him to interpose objections that should have been made with diligence and promptness.

The application will be denied, with costs.